McGirk, C. J.,
delivered the opinion of the Court.
This was an action of ejectment, in the Circuit Court of St. Louis county. Verdict and judgment for the defendants in the Court belowto reverse which, the cause; *224 is brought here. We are of opinion, there are several errors in the record; but if the judgment is, on the whole matter, for the right party, it cannot be reversed.
This brings us to the consideration of a matter arising out of the record, which is, that these plaintiffs are, by the statute- of descents, tenants in common. The common law is,, that tenants in common, cannot join in an action of ejectment.
These three plaintiffs are females, and, by the common law, would he co-parceners of the inheritance of their ancestor; but, the statute says, they shall inherit and, enjoy, as tenants in common, in equal parts. It is argued, that the reason why tenants in common, could not join at common law, fails here, namely: that it would bring into investigation, several titles in one suit, but that with respect to- parceners and joint tenants, they must all join in these cases; there is but one title, and but one investigation as to title; and, also, that each one is seized of all.
In this case, there is but one title, and one investigation as to title would only be required.
But let us consider if there could be any reasons worthy of legislation, to induce the Legislature to change the nature of the estate, as well as the manner of the remedy.
But two objects can be perceived to induce the Legislature to change the nature of the enjoyment of this sort of estate: one seems to have been, to prevent survivor-ship ; the other, to enable each tenant to go to law about his right, without being subject to the inconvenience of summons and severance, if his co-tenant should be ¡unwilling to join With him. And the latter reason may have been, indeed, the only one; for it will be remarked, that this statute was passed January 21st, 1815. At this same session, the Legislature adopted the common law of England. But prior to this period, the act of Congress required, that judicial proceedings should be according to the common law; so that, at .the time this statute of descents was passed, the common law and its consequences, were in full view before the Legislature.
It is not enough to say, this statute was only made to avoid the jus accrescendi. This survivorship would not have taken place here, if the Legislature had only de-. dared, that the estate should descend equally to all the children -f for then they would have been parceners, and so, there would have been no jus accrescendi.
We are, therefore, irresistably led to conclude, the Legislature intended some other consequence than that above. This consequence is, that tenants in common, are no. way dependant on each other with respect to the action of ejectment,
This judgment is affirmed; with costs.